UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| JOHN CHINNICI, Plaintiff, | ) | |
| v. | ) | Civil Action No. 2:23-cv-52-kjd |
| TOWN OF BENNINGTON, *et al.*, Defendants. | ) | |

**ANSWER**

NOW COME Defendants Town of Bennington, Paul Doucette, Lawrence Cole and Anthony Silvestro ("Defendants"), by and through their attorneys, McNeil, Leddy & Sheahan, P.C., hereby answering Plaintiff's Complaint as follows:

**FIRST DEFENSE**

**INTRODUCTION**

1. This allegation states a legal conclusion for which no responsive pleading is required; therefore, denied.

2. Admitted.

3. Denied.

4. Insufficient information or knowledge; therefore, denied.

5. Admitted that Bennington police secured evidence that was used to prosecute Plaintiff, that he was prosecuted, that he was convicted following a jury trial, and that the conviction was vacated due to Plaintiff's court-appointed defense counsel having "an actual conflict of interest, the magnitude of which was not apparent until the case went to trial…." *See United States v. Chinnici*, 431 F. Supp. 3d 470, 485 (D. Vt. 2019). Otherwise, all other allegations in this paragraph are denied.

McNEIL LEDDY & SHEAHAN
271 South Union St.
Burlington, VT 05401
T 802 863 4531
F 802 863 1743
www.mcneilvt.com

6. This allegation states a legal conclusion for which no responsive pleading is required; therefore, denied.

**JURISDICTION AND VENUE**

7. This allegation states a legal conclusion for which no responsive pleading is required; therefore, denied.

8. This allegation states a legal conclusion for which no responsive pleading is required; therefore, denied.

9. This allegation states a legal conclusion for which no responsive pleading is required; therefore, denied.

**PARTIES**

10. Insufficient information or knowledge; therefore, denied.

11. This allegation states a legal conclusion for which no responsive pleading is required; therefore, denied.

12. This allegation states a legal conclusion for which no responsive pleading is required; therefore, denied.

13. This allegation states a legal conclusion for which no responsive pleading is required; therefore, denied.

14. This allegation states a legal conclusion for which no responsive pleading is required; therefore, denied.

15. This allegation states a legal conclusion for which no responsive pleading is required; therefore, denied.

16. This allegation states a legal conclusion for which no responsive pleading is required; therefore, denied.

McNEIL LEDDY & SHEAHAN
271 South Union St.
Burlington, VT 05401
T 802 863 4531
F 802 863 1743
www.mcneilvt.com



17. This allegation states a legal conclusion for which no responsive pleading is required; therefore, denied.

## FACTS

18. Admitted.

19. Admitted.

20. Denied as framed.

21. Denied.

22. Denied.

23. Denied.

24. Admitted Plaintiff was interviewed and the recording of the interview speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

25. Admitted.

26. Denied.

27. Denied as framed.

28. Denied as framed.

29. Admitted.

30. Denied.

31. Admitted.

32. Denied.

33. The interview of Falace was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

34. Denied.

35. Denied.

McNEIL
LEDDY &
SHEAHAN

271 South Union St.
Burlington, VT 05401
T 802 863 4531
F 802 863 1743

www.mcneilvt.com

36. The interview of Falace was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

37. Admitted that Plaintiff has a star tattoo near his eye. Otherwise, denied.

38. The interview of Falace was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

39. Denied.

40. Admitted.

41. The interview of Galusha was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

42. The interview of Galusha was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

43. The interview of Galusha was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

44. Admitted.

45. The interview of Galusha was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

46. Denied.

47. Denied as framed.

48. Insufficient information or knowledge; therefore, denied.

49. Admitted that both employees detected what they described as a slight “accent.” Otherwise, denied.

50. Insufficient information or knowledge, therefore denied.

51. Denied as framed.

McNEIL LEDDY & SHEAHAN
271 South Union St.
Burlington, VT 05401
T 802 863 4531
F 802 863 1743
www.mcneilvt.com

52. Denied as framed.

53. Upon information and belief, admitted.

54. The interview of Falace was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

55. Admitted Plaintiff was released from federal prison in July 2015 and was supervised by federal probation. Otherwise, denied for lack of knowledge.

56. The recording of Plaintiff's interview speaks for itself. Otherwise, denied.

57. Admitted.

58. Admitted.

59. Admitted.

60. Admitted.

61. Admitted Mayhew was advised of his *Miranda* rights. The interview of Mayhew was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

62. Admitted Mayhew was questioned about robberies in Bennington. The interview of Mayhew was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

63. The interview of Mayhew was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

64. Admitted.

65. Admitted Garcia was advised of her *Miranda* rights. The interview of Garcia was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

McNEIL
LEDDY &
SHEAHAN

271 South Union St.
Burlington, VT 05401
T 802 863 4531
F 802 863 1743

www.mcneilvt.com

66. The interview of Garcia was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

67. The interview of Garcia was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

68. Admitted.

69. The referenced policy speaks for itself. Allegations in this paragraph as to characterizations of the policy are denied.

70. The interview of Garcia was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

71. The interview of Garcia was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

72. The interview of Garcia was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

73. The interview of Garcia was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

74. The interview of Garcia was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

75. The interview of Garcia was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

76. The interview of Garcia was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

77. The interview of Garcia was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

McNEIL LEDDY & SHEAHAN

271 South Union St.
Burlington, VT 05401
T 802 863 4531
F 802 863 1743

www.mcneilvt.com

78. Admitted that Cole interviewed Mayhew. Otherwise, denied.

79. The interview of Mayhew was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

80. The interview of Mayhew was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

81. The interview of Mayhew was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

82. The interview of Mayhew was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

83. The interview of Mayhew was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

84. Denied.

85. Admitted.

86. The interview of Plaintiff was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

87. The interview of Plaintiff was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

88. The interview of Plaintiff was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

89. Denied.

90. The interview of Plaintiff was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

91. Admitted.

McNEIL
LEDDY &
SHEAHAN

271 South Union St.
Burlington, VT 05401
T 802 863 4531
F 802 863 1743

www.mcneilvt.com

92. Denied.

93. Admitted.

94. Denied.

95. Denied.

96. Admitted that Mayhew was interviewed. Otherwise, denied as framed.

97. The interview of Mayhew was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

98. The interview of Mayhew was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

99. The interview of Mayhew was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

100. The interview of Mayhew was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

101. The interview of Mayhew was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

102. The interview of Mayhew was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

103. The interview of Mayhew was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

104. Denied.

105. Upon information and belief, admitted.

106. Admitted that Plaintiff was detained and taken into custody by BPD officers at the Bennington State Office Complex. Other allegations in the paragraph are denied as framed.

McNEIL LEDDY & SHEAHAN

271 South Union St.
Burlington, VT 05401
T 802 863 4531
F 802 863 1743

www.mcneilvt.com

107. Admitted.

108. Admitted.

109. Denied.

110. The interview of Mayhew was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

111. The interview of Mayhew was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

112. The interview of Mayhew was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

113. The interview of Mayhew was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

114. The interview of Mayhew was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

115. The interview of Mayhew was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

116. The interview of Mayhew was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

117. The interview of Mayhew was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

118. The interview of Mayhew was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

119. Admitted.




271 South Union St.
Burlington, VT 05401
T 802 863 4531
F 802 863 1743
www.mcneilvt.com

120. The interview of Plaintiff was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

121. The interview of Plaintiff was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

122. Admitted.

123. The interview of Plaintiff was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

124. The interview of Plaintiff was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

125. The interview of Plaintiff was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

126. The interview of Plaintiff was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

127. The interview of Plaintiff was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

128. The interview of Plaintiff was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

129. The interview of Plaintiff was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

130. The interview of Plaintiff was recorded and speaks for itself. Allegations in this paragraph as to characterizations of the interview are denied.

131. Admitted.

132. Upon information and belief, admitted.

McNEIL LEDDY & SHEAHAN

271 South Union St.
Burlington, VT 05401
T 802 863 4531
F 802 863 1743

www.mcneilvt.com

133. Admitted.

134. Admitted.

135. The affidavit speaks for itself. Allegations in this paragraph as to characterizations of the affidavit are denied.

136. Denied.

137. Denied as framed.

138. Denied.

139. The affidavit speaks for itself. Allegations in this paragraph as to characterizations of the affidavit are denied.

140. The affidavit speaks for itself. Allegations in this paragraph as to characterizations of the affidavit are denied.

141. Denied as framed.

142. The affidavit speaks for itself. Allegations in this paragraph as to characterizations of the affidavit are denied.

143. Admitted.

144. Upon information and belief, admitted.

145. Upon information and belief, admitted.

146. Insufficient information or knowledge; therefore, denied.

147. Admitted.

148. Denied.

149. The affidavit speaks for itself. Allegations in this paragraph as to characterizations of the affidavit are denied.

150. Denied as framed.




271 South Union St.
Burlington, VT 05401
T 802 863 4531
F 802 863 1743
www.mcneilvt.com

151. The affidavit speaks for itself. Allegations in this paragraph as to characterizations of the affidavit are denied.

152. The affidavit speaks for itself. Allegations in this paragraph as to characterizations of the affidavit are denied.

153. The affidavit speaks for itself. Allegations in this paragraph as to characterizations of the affidavit are denied.

154. Denied as framed.

155. Upon information and belief, admitted.

156. Admitted.

157. Video footage from Hemming's speaks for itself; otherwise, denied as framed.

158. The affidavit speaks for itself. Allegations in this paragraph as to characterizations of the affidavit are denied.

159. Denied.

160. The affidavit speaks for itself. Allegations in this paragraph as to characterizations of the affidavit are denied.

161. Admitted.

162. The affidavit speaks for itself. Allegations in this paragraph as to characterizations of the affidavit are denied.

163. Admitted.

164. Upon information and belief, admitted.

165. Upon information and belief, admitted.

McNEIL LEDDY & SHEAHAN
271 South Union St.
Burlington, VT 05401
T 802 863 4531
F 802 863 1743
www.mcneilvt.com

166. Upon information and belief, admitted that probable cause was found for both counts. Denied for lack of knowledge whether probable cause was found only on the information provided in the affidavit.

167. Upon information and belief, admitted.

168. Upon information and belief, admitted.

169. Upon information and belief, admitted.

170. Admitted.

171. Admitted.

172. Admitted.

173. Admitted.

174. Admitted.

175. Admitted.

176. Admitted.

177. Upon information and belief, admitted.

178. Upon information and belief, admitted.

179. Upon information and belief, admitted.

180. Insufficient information or knowledge; therefore, denied.

**CLAIMS FOR RELIEF**

181. This allegation states a legal conclusion for which no responsive pleading is required; therefore, denied.

**COUNT I**
*(Pursuant to Article 11 of the Vermont Constitution, Tort of False Arrest, 42 U.S.C. § 1983)*
Defendants Doucette, Cole, Town of Bennington

182. Defendants hereby incorporate by reference all other paragraphs of this Answer.

McNEIL LEDDY & SHEAHAN
271 South Union St.
Burlington, VT 05401
T 802 863 4531
F 802 863 1743
www.mcneilvt.com

183. This allegation states a legal conclusion for which no responsive pleading is required; therefore, denied.

184. Denied.

185. Denied.

186. Denied.

187. Denied.

**COUNT II**
*(Pursuant to Article 11 of the Vermont Constitution and 42 U.S.C. § 1983)*
Defendants Doucette, Cole, Town of Bennington

188. Defendants hereby incorporate by reference all other paragraphs of this Answer.

189. This allegation states a legal conclusion for which no responsive pleading is required; therefore, denied.

190. This allegation states a legal conclusion for which no responsive pleading is required; therefore, denied.

191. Denied.

192. Denied.

**COUNTS III and IV**
(*Pursuant to Article 11 of the Vermont Constitution and 42 U.S.C. § 1983)*
Defendants Cole, Silvestro, Town of Bennington

193. Defendants hereby incorporate by reference all other paragraphs of this Answer.

194. This allegation states a legal conclusion for which no responsive pleading is required; therefore, denied.

195. This allegation states a legal conclusion for which no responsive pleading is required; therefore, denied.

196. Admitted.




271 South Union St.
Burlington, VT 05401
T 802 863 4531
F 802 863 1743
www.mcneilvt.com

197. Admitted.

198. Denied.

199. Denied.

200. Denied.

201. Denied.

202. Denied.

203. Denied.

**AFFIRMATIVE DEFENSES**

1. Failure to state a claim upon which relief can be granted.

2. Individual Defendants are entitled to qualified immunity.

3. Defendant Town of Bennington is entitled to municipal immunity.

4. Defendant acted lawfully and in good faith.

5. Plaintiff lacks standing to allege constitutional violations on behalf of others.

6. Plaintiff was not deprived of any rights, statutory or otherwise.

7. Claims against individual Defendants are barred by 24 V.S.A. §§ 901 and 901a.

8. Plaintiff's claim for punitive damages is barred by the due process clause of the United States Constitution and the Constitution of the State of Vermont.

9. Defendants' actions are not the proximate cause of any damages alleged or sustained by Plaintiff.

10. Individual Defendants were privileged in taking the actions which form the basis of Plaintiff's allegations against them.

11. Defendants reserve the right to assert additional defenses as they may become apparent during the course of discovery.




271 South Union St.
Burlington, VT 05401
T 802 863 4531
F 802 863 1743
www.mcneilvt.com

**JURY DEMAND**

Defendants demand a trial by jury on all issues so triable.

DATED at Burlington, Vermont this 25th day of March 2024.

TOWN OF BENNINGTON, PAUL DOUCETTE, LAWRENCE COLE, and ANTHONY SILVESTRO

By: /s/ Michael J. Leddy
Michael J. Leddy, Esq.
McNeil, Leddy & Sheahan, P.C.
271 South Union Street
Burlington, Vermont 05401
(802) 863-4531
mleddy@mcneilvt.com

*Counsel for Defendants*

McNEIL
LEDDY &
SHEAHAN

271 South Union St.
Burlington, VT 05401
T 802 863 4531
F 802 863 1743

www.mcneilvt.com